UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:24-cv-10608 |
| v. | ) |
| | ) |
| **SOMERSET INN LIMITED** | ) Judge |
| **PARNERSHIP,** a Michigan Limited | ) |
| partnership, | ) |
| | ) |
| And | ) |
| | |
| **FRANKEL ASSOCIATES I** | |
| **LIMITED PARNERSHIP,** a | |
| Michigan Limited partnership, | |
| | |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendants, Somerset Inn Limited Partnership, a Michigan limited partnership, and Frankel Associates I Limited Partnership, a Michigan limited partnership, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1.    This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant's as delineated herein.

2.     The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42

U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the  United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I and is therefore subject to supplemental jurisdiction.

3.     Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4.     Plaintiff, Mark Fultz ("Plaintiff" or "Mr. Fultz"), is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.     Somerset Inn Limited Partnership and Frankel Associates I Limited Partnership own or operates a place of public accommodation, a hotel known as Somerset Inn, is located at 2601 West Big Beaver Rd., Troy, MI 48048 in

Oakland County. Plaintiff has patronized and has been a guest at Defendants'
hotel located therein as a place(s) of public accommodation.

6.      Upon information and belief, the hotel owned and operated by Defendants is
non- compliant with the remedial provisions of the ADA. As Defendant's
owns, leases, leases  to, or operates a place of public accommodation as
defined by the ADA and the regulations implementing the ADA, 28 CFR
36.201(a) and 36.104, Defendants are responsible for complying with the
obligations of the ADA. Defendants' facility as a hotel, which constitutes a
place of public accommodation, fails to comply with the ADA and its
regulations, as also described further herein.

7.      Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right
side of his body.  He uses a manual wheelchair and motorized scooter for
mobility and can occasionally walk short distances with the use of a cane.

8.      Raised in Michigan, Mr. Fultz has relatives including his son, daughter,
grandchildren, and cousins in suburban Detroit.  His son lives and works in
Ann Arbor while his daughter resides between Ann Arbor and Detroit.
Plaintiff frequents many establishments in the Oakland County region and has
been a customer at the property that forms the basis of this lawsuit on multiple
occasions.

9.      Mr. Fultz initially experienced discrimination from the Defendant while
attempting to reserve a guestroom at Defendant's hotel property online.  He
was not able to reserve a mobility accessible guestroom of any kind through

the somersetinn.com website.

10.  Mr. Fultz patronized the Defendants' hotel while in town to visit with his grandchildren, attend his grandson's baseball game and to attend the Michigan Wolverines football game against Rutgers at Michigan Stadium. Go Blue! While staying as an overnight guest on September 21st, 2023 at Defendants' place of public accommodation, Mr. Fultz encountered architectural barriers at the subject property that violate the ADA and its regulations. These barriers to access have endangered his safety.

11.  Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

12.   Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

13.   Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

14.   The Defendants have discriminated against the Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited

by 42 U.S.C. § 12182 *et seq.*

15.   The Defendants have discriminated and are continuing to discriminate against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

16.   A preliminary inspection of the website, reservation system and hotel owned by Defendants has shown that many violations of the ADA exist, whose remedy is readily achievable.  These violations include, but are not limited to:

**Parking and Accessible Routes**

A.  In a parking lot, accessible parking spaces and their access aisle do not connect to an accessible route, in violation of the ADA section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.

B.  In the parking lot, failure to maintain the accessible features of the marked accessible parking spaces and their access aisles, is a violation of the ADA 2010 Compliance Standards and 1991 ADAAG Compliance Standards whose remedy is readily achievable.

C.  In the parking lot at the alternate entrance, where there are more than 100 parking spaces, only 1 accessible parking space is being provided and therefore is a legally insufficient number of designated accessible parking spaces, in violation of the ADA section 208 of the 2010 Standards and 1991 ADAAG

section 4.1.2, whose remedy is strictly required or at minimum is readily achievable.

D. Ground surfaces located in the access aisle of the accessible parking spaces and along the accessible route have changes in cracks in excess of 1/2 inch, in violation of the ADA and section 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is readily achievable.

E. Ground surfaces located on the accessible route have changes in elevation in excess of ¼ inch, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is readily achievable.

F. In the parking lot, the curb ramps are missing the required detectable warnings, in violation of the ADA section 406.8 of the 2010 Standards, whose remedy is readily achievable.

G. At an alternat entrance, there is a curb ramp that projects into an accessible parking space's access aisle, in violation of the ADA section 406.5 of the 2010 Standards and 1991 ADAAG section 4.8.2, whose remedy is readily achievable.

H. At this same alternat entrance, a Curb Ramp Side Flares are steeper than 1:10 (5.71%), in violation of the ADA section 406.3 of the 2010 Standards and 1991 ADAAG section 4.8.2, whose remedy is readily achievable.

**Public Restrooms**

I.  In the Men's public restroom, the water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

J.  In the Men's public restroom, the toilet compartment is out of compliance as it is not a wheelchair accessible stall and lacks required dimensions and clearance around the water closet of 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall, in violation of sections 604.3 and 604.3.1 of the 2010 Standards and 4.17.3 of the 1991 ADAAG, whose remedy is strictly required or at minimum is readily achievable.

K.  In the Men's public restroom toilet compartment stall, the rear wall toilet grab bar is missing, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is readily achievable.

L.  In the Men's public restroom toilet compartment stall, the toilet paper blocks the side grab bar impairing its use, in violation of the ADA section 609.3 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is readily achievable.

M. In the Men's public restroom stall, the flush handle is not located on the open side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is readily achievable.

N.  In the Men's public restroom stall, the accessible stall door coat hanger is mounted in excess the 48" maximum height allowable reach range, in violation of the ADA and section 604.8.3 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

O.  The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and is not self-closing, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

P.  The men's restroom water closet is located too far away from the side wall and the side partition and is not 16 inches minimum to 18 inches maximum measured to centerline of the water closet of either the wall or partition, in violation of the ADA and section 604.2 of the 2010 Standards and 1991 ADAAG section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

Q.  Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

**Mobility Accessible Guest Room #132**

R.  At the mobility accessible guest room #132 entry, the sign providing information is located out of compliance, in violation of the ADA section

703.4.1 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is readily achievable.

S. In the mobility accessible guest room #132 bathroom, the countertop impairs the door's maneuvering clearance of 18" minimum at the bathroom door to exit, in violation of the ADA section 404.2.4.1 on the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is readily achievable.

T. In the mobility accessible guest room #132 bathroom, the robe hook located on the inside of the bathroom door is mounted too high and out of the maximum reach range, in violation of the ADA section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

U. In the mobility accessible guest room #132 bathroom, the roll-in shower stall is out of compliance because it is missing the required fixed, permanent folding seat for transient lodging guest rooms, in violation of the ADA and section 608.4 of the 2010 Standards, whose remedy is readily achievable.

V. In the mobility accessible guest room #132 bathroom, the Roll-in shower stall is out of compliance because the controls are not mounted on the back wall and located 27 inches maximum from the seat wall (or where a seat should otherwise be located), in violation of the ADA and section 608.352 of the 2010 Standards, whose remedy is readily achievable.

W. In the mobility accessible guest room #132 bathroom, the Roll-in shower stall is out of compliance because the grab bars are missing on the control wall and

on the side wall, in violation of the ADA and section 608.3.2 of the 2010
Standards, whose remedy is readily achievable.

X.   In the mobility accessible guest room #132 bathroom, the Roll-in shower stall
is out of compliance as it does not measure 30" wide minimum by 60" deep
minimum clear inside dimensions, in violation of the ADA and section 608.3.2
of the 2010 Standards, whose remedy is readily achievable.

Y.   In the mobility accessible guest room #132 bathroom, the Roll-in shower
sprayer is out of compliance because the controls are not mounted above the
48" maximum height, in violation of the ADA and section 608.5.3 of the 2010
Standards, whose remedy is readily achievable.

Z.   In the mobility accessible guest room #132 bathroom, the threshold of the
shower is out of compliance as it exceeds the ½" maximum allowable height,
in violation of the ADA and section 608.7 of the 2010 Standards, whose
remedy is readily achievable.

AA.      In the mobility accessible guest room #132 bathroom, the side grab bar
at the water closet is out of compliance because it is not 42 inches long
minimum and located 12 inches maximum from the rear wall, in violation of
the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section
4.16.4, whose remedy is readily achievable.

BB.      In the mobility accessible guest room #132 bathroom, the rear wall grab
bar at the water closet is missing, in violation of the ADA section 604.5.2 of

the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is readily achievable.

CC.    In the mobility accessible guest room #132 bathroom, the sink blocks the required 60" wide minimum clear floor space at the water closet for a wheelchair user to transfer onto the toilet, in violation of the ADA section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.17.3, whose remedy is readily achievable.

DD.    In the mobility accessible guest room #132 bathroom, the water and drainpipes under the lavatory are not insulated to protect against scalding or contact in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

EE.    In the mobility accessible guest room #132, the coat hangers are too high and out of the maximum reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

FF.    In the mobility accessible guest room #132, the clothing iron is too high and out of the maximum reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

GG.    In the mobility accessible guest room #132 the door to exit the guestroom lacks required maneuvering clearance on the latch side, in violation of the ADA section 404.2.4.1 on the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is readily achievable.

**Mobility Accessible Guestrooms Generally**

HH.   The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers standard guest rooms with one Queen bed and 2 Double Beds, One King Bed Executive Room, two Queen Beds Executive Room, King bed and a sofa bed Executive Room.  These offers varying square footage and amenities available only to able bodied guests. These are offered in differing rate categories.  However, guests who require accessible accommodations are restricted to a standard room and therefore fewer room classes and guestroom amenities, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is strictly required or at minimum is readily achievable.

II.   Upon information and belief the Somerset Inn has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 250 guestrooms such as this Somerset Inn, there must be a minimum of 7 mobility accessible guestrooms without a roll-in shower and a minimum of 3 of mobility accessible guestrooms with a roll-in shower, totaling 10 designated mobility accessible guestrooms.

JJ.   Upon information and belief, Mark Fultz believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just room #132). Including the other shower fitted mobility accessible guestrooms and bathtub or transfer shower fitted mobility accessible guestrooms.

**Policies and Procedures:**

KK.   The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

LL.   The Defendants' inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mark Fultz.

MM.   Upon information and belief, the Somerset Inn's website, https://somersetinn.com, does not permit individuals with disabilities to make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms, in violation of 28 CFR § 36.302(E)(1)(i).

NN.   Upon information and belief, the Somerset Inn's website, https://somersetinn.com, does not identify or describe accessible features in sufficient detail to reasonably permit individuals with disabilities to assess independently whether the hotel or guestroom meets his or her accessibility needs, in violation of 28 CFR § 36.302(E)(1)(ii).

OO.   The Defendants' inadequate policies and procedures include an absence of emergency evacuation plans of this thirteen-story building hotel for the Defendants' guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments, including Mark Fultz, struggle to address the existing barriers to

accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

17.   The discriminatory violations described in Paragraph 16 by the Defendants are not an exclusive list of the ADA violations at the place of public accommodation owned and operated by Defendants.  Plaintiff requires further inspection of the Defendants' place of public accommodation in order to determine, photograph and measure *all* of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access.  The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18.   Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19.   The facility at issue, as owned by Somerset Inn Limited Partnership and Frankel Associates I Limited Partnership a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until

Defendants are compelled to create compliant policies and procedures, make necessary improvements to its online presence, remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

21.     The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the hotel, including those set forth herein.

22.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests

reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

23.    Plaintiff restates the allegations of ¶¶1 - 22 as if fully rewritten here.

24.    The Defendants Somerset Inn Limited Partnership and Frankel Associates I Limited Partnership property, the Somerset Inn hotel, is a "place of public accommodation" pursuant to M.C.L §37.1301(a).

25.    Defendants have committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendants have failed to create and provide mobility accessible guestrooms with a compliant toilet or roll-in shower. This risks Mr. Fultz and others' safety as well as limits use of the most essential bathroom functions of any individuals transient lodging guestroom.

26.    Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
Monroe, MI (734) 240-0848
(419) 241-9737 – Facsimile
Email: dunnlawoffice@sbcglobal.net
Counsel for Plaintiff Mark Fultz